IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL DUMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 05-648-SLR |
| ) | |
| Howard R. Young Correctional ) | |
| Institution, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM ORDER**

Plaintiff Michael Duman brings this civil rights action pursuant to 42 U.S.C. § 1983. He appears pro se and on September 19, 2005, was granted in forma pauperis status pursuant to 28 U.S.C. § 1915. (D.I. 3) The court now proceeds to review and screen the complaint pursuant to 42 U.S.C. § 1915 and § 1915A.

For the reasons discussed below, the complaint is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

**I.   THE COMPLAINT**

Plaintiff alleges his rights were violated on August 15, 2005, while he was at Howard R. Young Correctional Institution (HRYCI) awaiting transport to a different correction facility. He alleges that at the time, he was not allowed to change into his personal clothing. Nor, he alleges, was he allowed to retrieve his wallet and cell phone. Plaintiff alleges he was told that if he did not remove his personal items within a certain time period, the items would be donated to charity.

Apparently his personal effects were either donated or discarded.

Plaintiff seeks payment for his personal effects.

## II. STANDARD OF REVIEW

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(citing Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993)). Additionally, pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521 (1972)(quoting Conley v. Gibson,

2

355 U.S. 41, 45-46 (1957)).

**III. ANALYSIS**

    **A.**    **Eleventh Amendment Immunity**

The HRYCI, an agency of the State of Delaware, is named as a defendant. "Absent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant." Laskaris v. Thornburgh, 661 F.2d 23, 25 (3d Cir. 1981)(citing Alabama v. Pugh, 438 U.S. 781 (1978)). The State of Delaware has not waived its sovereign immunity under the Eleventh Amendment. See Ospina v. Dep't of Corr., 749 F.Supp. 572, 579 (D.Del. 1991). Hence, as an agency of the State of Delaware, the HRYCI is entitled to immunity under the Eleventh Amendment. See e.g. Evans v. Ford, C.A. No. 03-868-KAJ, 2004 WL 2009362, *4 (D.Del. Aug. 25, 2004)(claim against DOC dismissed, because as a state agency, it did not waive Eleventh Amendment immunity).

Because the HRYCI is immune from suit, the claim against it has no arguable basis in law or in fact. Therefore, it is frivolous and is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

    **B.**    **Taking of Personal Property**

Although the court finds that the complaint cannot stand on the basis of Eleventh Amendment immunity, it must be noted that plaintiff's claim cannot be raised under § 1983. Plaintiff brings this suit alleging that HRYCI donated or discarded his

personal clothing and personal items. In a letter to the court, plaintiff enumerates the loss of 20 items. (D.I. 4)

A prisoner's due process claim based on random and unauthorized deprivation of property by a state actor is not actionable under § 1983, whether the deprivation is negligent or intentional, unless there is no adequate post-deprivation remedy available. See Parratt v. Taylor, 451 U.S. 527, 542 (1981), overruled on other grounds by, 474 U.S. 327 (1986); Hudson v. Palmer, 468 U.S. 517, 533 (1984). Plaintiff has available to him the option of filing a common law claim for conversion of property. Inasmuch as Delaware law provides an adequate remedy for plaintiff, he cannot maintain a cause of action pursuant to § 1983. See Hudson, 468 U.S. at 535; Nicholson v. Carroll, 390 F.Supp. 2d 429, 435 (D.Del. 2005); Acierno v. Preit-Rubin, Inc., 199 F.R.D. 157 (D.Del. 2001) (other citations omitted).

Quite simply, as currently presented, the complaint lacks an arguable basis in law or in fact and must, therefore, be denied as frivolous. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

IV. CONCLUSION

At Wilmington this 5th day of January, 2006, for the reasons set forth above, IT IS ORDERED that plaintiff Michael Duman's complaint is dismissed without prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

                                                    /s/ 
UNITED STATES DISTRICT JUDGE

4